

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-11-1996

# United States v. McQuilkin

Precedential or Non-Precedential:

Docket 95-1127

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation
"United States v. McQuilkin" (1996). *1996 Decisions.* Paper 210.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/210

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 95-1127
_____


UNITED STATES OF AMERICA

v.

JOHN McQUILKIN,
                    Appellant

_____

On Appeal from the United States District Court
   for the Eastern District of Pennsylvania
      (D.C. Criminal No. 94-cr-00356-2)
      _____

Argued November 13, 1995

Before:  BECKER and SCIRICA, <u>Circuit</u> <u>Judges</u>
         and COHILL, <u>District</u> <u>Judge</u>*

(Filed  March 11, 1996)


                    ANDREW GROSSO, ESQUIRE (ARGUED)
                    2300 N Street, N.W., Suite 600
                    Washington, D.C. 20037

                       Attorney for Appellant


                    EMILY McKILLIP, ESQUIRE (ARGUED)
                    Office of the United States Attorney
                    615 Chestnut Street, Suite 1250
                    Philadelphia, Pennsylvania 19106

                       Attorney for Appellee

*The Honorable Maurice B. Cohill, Jr., United States District Judge for the Western District of Pennsylvania, sitting by designation.

---

OPINION OF THE COURT

---

SCIRICA, <u>Circuit</u> <u>Judge</u>.

I.

The issue on appeal is whether the "safety valve" provision in 18 U.S.C. § 3553(f) applies to 21 U.S.C. § 860, the "schoolyard" statute, so that a court may impose a sentence shorter than the statutory minimum provided in § 860.

II.

Between March and July 1994, John McQuilkin sold quantities of methamphetamine to an informant cooperating with the Drug Enforcement Agency and to an undercover DEA agent. Each sale occurred within 1,000 feet of a school.

McQuilkin was arrested and charged under 21 U.S.C. §841(a)(1) (distribution),[1] 21 U.S.C. § 860 (distribution within

---

[1] Title 21 U.S.C. § 841 ("ordinary" distribution) provides in part:

> (a) Unlawful acts
>     Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally--
>         (1) to manufacture, distribute, or dispense . . . a controlled substance . . . .
>
> (b) Penalties
>     Except as otherwise provided in section 849, 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:
>         . . . .
>         (1) . . . .
>         (B) In the case of a violation of subsection (a) of this section involving--

1,000 feet of a school), 21 U.S.C. § 846 (conspiracy)[2] and 21 U.S.C. § 843(b) (use of a communication facility). He pled guilty to conspiracy to distribute methamphetamine, four counts of distribution of methamphetamine and four counts of distribution of within 1,000 feet of a school. McQuilkin stipulated that he and his co-conspirator distributed more than 100 grams but less than 400 grams of methamphetamine within 1,000 feet of a school and this quantity was reasonably foreseeable and jointly undertaken by him.

Based on the attributable amount of methamphetamine and taking into account his acceptance of responsibility, McQuilkin's sentencing guidelines range was 57 to 71 months imprisonment. The district court held that McQuilkin's convictions under 21 U.S.C. §§ 841 and 846 met the criteria for the "safety valve" provision of 18 U.S.C. § 3553(f). But the court ruled that 21 U.S.C. § 860, the "schoolyard" statute, required a five year mandatory

---

. . . .
(viii) 10 grams or more of methamphetamine
. . . or 100 grams or more of a mixture or
substance containing a detectable amount of
methamphetamine . . . ;
such person shall be sentenced to a term
of imprisonment which may not be less than 5
years and not more than 40 years . . . .
[2] Title 21 U.S.C. § 846 provides:

Any person who attempts or conspires to
commit any offense defined in this subchapter
shall be subject to the same penalties as
those prescribed for the offense, the
commission of which was the object of the
attempt or conspiracy.

4

minimum term of imprisonment, and that 18 U.S.C. §3553(f) did not apply to the mandatory minimum sentence under §860.

The district court sentenced McQuilkin to 60 months imprisonment to be served concurrently on all counts. In imposing sentence, the court stated that it intended to sentence McQuilkin to the lowest sentence allowed by law. McQuilkin has appealed contending the "safety valve" provision of 18 U.S.C. §3553(f) permits a shorter sentence than the statutory minimum of 60 months. We exercise plenary review. <u>See</u> <u>United States v. Sabarese</u>, 71 F.3d 94, 95 n.1 (3d Cir. 1995), <u>amended by</u>, No. 95–5160 (3d Cir. Jan. 22, 1996).

III.

A.

This is a matter of statutory interpretation. Title 21 U.S.C. § 860 (the schoolyard statute) provides in part:

> Any person who violates section 841(a)(1) . . . of this title by distributing . . . a controlled substance in or on, or within one thousand feet of, the real property comprising a . . . school . . . is (except as provided in subsection (b) of this section) subject to (1) twice the maximum punishment authorized by section 841(b) of this title; and (2) at least twice any term of supervised release authorized by section 841(b) of this title for a first offense. A fine up to twice that authorized by section 841(b) of this title may be imposed in addition to any term of imprisonment authorized by this subsection. <u>Except to the extent a greater minimum sentence is otherwise provided by section 841(b) of this title,</u> a person shall be sentenced under this subsection to a term of imprisonment of not less than one year . . . .

5

Because under the relevant facts here, 21 U.S.C. § 841(b)(1)(B)(viii) mandates a five year minimum term of imprisonment, it supersedes the one year minimum term in § 860. The issue on appeal is whether 18 U.S.C. § 3553(f) may relieve a defendant from the mandatory minimum penalty for violating 21 U.S.C. § 860.

> Section 3553(f) provides:
> **(f) Limitation on applicability of statutory minimums in certain cases.**-- Notwithstanding any other provision of law, in the case of an offense under ... 21 U.S.C. §§ 841, 844, 846 ... 961, 963 the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission ... without regard to any statutory minimum sentence, if the court finds at sentencing [that the defendant satisfies certain criteria].[3]

[3] The criteria specified in 18 U.S.C. § 3553(f) are:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not

In the event of a violation under §§ 841, 844, 846, 961 and 963, 18 U.S.C. § 3553(f) allows a sentencing court under specified conditions to disregard the statutory minimum and impose a sentence in accordance with the guidelines.[4]

By its terms, 18 U.S.C. § 3553(f) applies only to convictions under 21 U.S.C. §§ 841, 844, 846, 961 and 963. Section 860 is not one of the enumerated sections. It is a canon of statutory construction that the inclusion of certain provisions implies the exclusion of others. The doctrine of *inclusio unius est exclusio alterius* "informs a court to exclude from operation those items not included in a list of elements that are given effect expressly by the statutory language." In re TMI, 67 F.3d 1119, 1123 (3d Cir. 1995) (quoting Williams v. Wohlgemuth, 540 F.2d 163, 169 (3d Cir. 1976)), petition for cert. filed, (U.S. Feb. 20, 1996) (No. 95-1315). The government contends the stark exclusion of § 860 from the list of sections embraced by § 3553(f) reflects Congress' rational decision that drug dealing in a protected location is sufficiently serious to merit substantial penalties. In any event, nothing in the legislative history of § 3553(f) provides a basis for

---

preclude a determination by the court that the defendant has complied with this requirement.

[4] Congress adopted the "safety valve" provision in the Violent Crime Control and Law Enforcement Act of 1994 to mitigate the effects of certain mandatory minimum sentences. See generally Philip Oliss, Mandatory Minimum Sentencing: Discretion, the Safety Valve, and the Sentencing Guidelines, 63 U. Cin. L. Rev. 1851 (1995); Fred A. Bernstein, Discretion Redux--Mandatory Minimums, Federal Judges, and the "Safety Valve" Provision of the 1994 Crime Act, 20 U. Dayton L. Rev. 765 (1995).

7

interpreting the statute other than as the clear language provides.[5]  See In re TMI, 67 F.3d at 1125 ("A construction inconsistent with a statute's plain meaning ... is justifiable only when clear indications of contrary legislative intent exist") (quoting Government of the Virgin Islands v. Knight, 989 F.2d 619, 633 (3d Cir.), cert. denied, 114 S. Ct. 556 (1993)). In clear and unambiguous language, therefore, 18 U.S.C. § 3553(f) does not apply to convictions under 21 U.S.C. § 860, the "schoolyard" statute.[6]

B.

McQuilkin argues that 21 U.S.C. § 860 does not state a substantive offense but merely enhances the penalty for violations of 21 U.S.C. § 841(a) committed within 1,000 feet of a school.  McQuilkin contends the only substantive offense he violated was § 841(a), not § 860.  Because 18 U.S.C. § 3553(f) applies to an "offense" under § 841, he argues the safety valve provision should be available to him.  Accordingly, he believes the court erred in imposing a mandatory minimum sentence.

_____

[5]  The "safety valve" provision adopted in the 1994 crime bill engendered little debate.  The only comments of plausible relevance were made during an exchange between Senators Biden and Brown on the Senate floor.  Responding to Senator Brown's question whether the "safety valve" applied to 21 U.S.C. § 859 (distribution to persons under age twenty-one), Senator Biden said "the safety valve does not apply" to the offense of selling drugs to minors, and that the mandatory minimum sentence for that offense remained in place.  See 140 Cong. Rec. S12514 (daily ed. Aug 25, 1994).  There was no reference to § 860, although the government suggests the analogy to § 860 is manifest.  For the purposes of McQuilkin's argument, however, this exchange over §859 was at best inconclusive.

[6]  The one year minimum sentence set forth in § 860 applies when the quantity of drugs involved is less than required for the mandatory minimum sentences set forth in § 841(b).

8

But 21 U.S.C. § 860 is a separate substantive offense, not a sentence enhancement provision. To distinguish an enhancement provision from a separate offense we look to the intent of Congress. See United States v. Hawkins, 811 F.2d 210, 218 (3d Cir.) ("As is the case in all questions dealing with the scope and separate identities of criminal offenses, the answer hinges on the intent of Congress."), cert. denied, 484 U.S. 833 (1987). To ascertain intent we begin with the language of the statute. Hawkins, 811 F.2d at 218 (citing Garrett v. United States, 471 U.S. 773, 779 (1985)).

In this instance, the language of the statute specifies § 860 is a separate offense. Although § 860 refers to § 841, ("any person who violates § 841(a)(1) . . . by distributing . . ."), it requires a separate and distinct element –– distribution within 1,000 feet of a school. Distribution within 1,000 feet of a school must be charged and proven beyond a reasonable doubt in order to obtain a conviction under § 860. See United States v. Smith, 13 F.3d 380, 382-83 (10th Cir. 1993) (holding "§ 860 constitutes an 'offense' which has as an element of proof that the distribution occurred within 1,000 feet of a protected place."). Moreover, while § 860 incorporates the elements of §841(a), it does not incorporate statutory references to § 841, such as the one found in 21 U.S.C. § 3553(f).

Other courts of appeals have uniformly held § 860 is a separate offense that requires proof of an element that is not included in § 841. See, e.g., United States v. Parker, 30 F.3d 542, 551-53 (4th Cir.) (reversing a conviction under § 860 where

9

there was no evidence that the distribution occurred within 1,000 feet of a protected place), cert. denied, 115 S. Ct. 605 (1994); United States v. Ashley, 26 F.3d 1008, 1011 (10th Cir.) (reaffirming an earlier decision that § 860 requires proof that the distribution occurred within 1,000 feet of a protected place), cert. denied, 115 S. Ct. 348 (1994); Smith, 13 F.3d at 382-83 (holding "that the distribution occurred within 1,000 feet of a protected place" must be separately proved); United States v. Holland, 810 F.2d 1215, 1218 (D.C. Cir.) (holding statute "adds an element to the offense of section 841(a)" which must be "proved"), cert. denied, 481 U.S. 1057 (1987).

Moreover, nothing in the language indicates § 860 is an enhancement provision. Most enhancement provisions are triggered by the defendant's criminal history. In contrast, § 860 requires proof of certain factual predicates that are independent of the defendant's past crimes. Most importantly, § 860 differs from enhancement provisions because it requires proof of an additional element beyond a reasonable doubt.

Only one court, the Court of Appeals for the Ninth Circuit, has suggested § 860 is an enhancement of the offense defined in § 841(a).[7] See United States v. Thornton, 901 F.2d 738, 740-41 (9th Cir. 1990) (statute "provides that if the drug transaction made illegal by section 841 took place within 1,000 feet of a school, the punishment for such offense will be enhanced.") (emphasis in original). But in Thornton, the Ninth

_____

[7]Section 860 was formerly classified as 21 U.S.C. § 845a. Pub. L. No. 101-647(1) amended § 845a and redesignated it as §860.

10

Circuit also held the predecessor to § 860 "incorporates the sentencing enhancement _element_ into the underlying offense." _Id._ (emphasis added). Thus the court's analysis reveals some confusion as to whether § 860 required an additional element of proof or was simply an enhancement provision. Moreover, all other courts of appeals that have addressed the issue have held §860 is not an enhancement provision. See _e.g._ United States v. Ashley, 26 F.3d 1008, 1011 (10th Cir.) (holding § 860 is not a sentencing enhancer) _cert._ _denied_, 115 S. Ct. 348 (1994); _see also_ United States v. Horsley, 56 F.3d 50, 51 (11th Cir. 1995) (§ 841(a) is a lesser included offense of § 860); United States v. Parker, 30 F.3d 542, 553 (4th Cir.) (same), _cert._ _denied_, 115 S. Ct. 605 (1994); United States v. Scott, 987 F.2d 261, 266 (5th Cir. 1993) (same).

We conclude § 860 is a separate offense and not a sentencing enhancement of § 841(a). Accordingly, § 3553(f) may not mitigate the mandatory minimum penalty under § 860.

IV.

For the foregoing reasons we will affirm the judgment of sentence.

11