**UNITED STATES of America**

v.

**Rodger EDMONDS, Defendant.**

**Crim. Action No. 90–393–04 (CRR).**

United States District Court,
District of Columbia.

July 23, 1996.

Nancy R. Page, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney, appeared on the briefs, for U.S.

Peter M. Brody, Ropes & Gray, Washington, DC, for defendant.

Roger Edmonds, pro se.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

On July 18, 1996, the defendant in the above-captioned case came before the Court for resentencing. After hearing argument from counsel for the defendant, counsel for the government, and the defendant himself, and after consideration of the pleadings, and the entire record herein, the Court imposed sentence on that day. The parties stipulated at that time that the Court would set forth its reasoning in a subsequent Memorandum Opinion, which the Court now does.

### BACKGROUND

The defendant was charged with and convicted of conspiracy to distribute more than fifty grams of cocaine base ("crack") in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iii) (Count I); aiding and abetting the distribution of crack in violation of 21 U.S.C. §§ 841(a)(1), § 841(b)(1)(A)(iii), and 18 U.S.C. § 2 (Count II); and aiding and abetting the distribution of crack within one thousand feet of a school in violation of 21 U.S.C. §§ 841(a)(1), 845(a) and 18 U.S.C. § 2 (Count III). The defendant was sentenced by this court to 175 months of imprisonment and five years of supervised released on each of the first two counts and 175 months of imprisonment and ten years of supervised release on the third count, all prison terms to run concurrently. Edmonds appealed. The Court of Appeals affirmed Edmond's conviction on counts one and three, vacated his conviction on count two, and remanded his case for resentencing on count one.

At the resentencing, the defendant argued for the application of 18 U.S.C. § 3553(f), the so-called "safety valve" provision, on Counts I and III. If applied, the safety valve provision provides for the application of the United States Sentencing Guidelines ("guidelines") sentence without regard to the statutory mandatory minimum. The defendant also argued that he was eligible for a downward departure under § 5K2 of the guidelines. Finally, the defendant argued that the disparity in sentencing upon conviction for crack cocaine as distinguished from powder cocaine is unconstitutional.

### DISCUSSION

**I. THE SAFETY VALVE PROVISION IS INAPPLICABLE HERE.**

A. *The safety valve provision does not apply to Count I because the defendant does not meet the fifth criterion for application of the safety valve provision.*

Section 3553(f) of title 18 of the United States Code, the safety valve provision,

provides that the Court shall disregard statutory mandatory minimum sentences applicable to certain offenses if five criteria are met. The fifth criterion, 18 U.S.C. § 3553(f)(5), requires that "not later than the time of the sentencing hearing, the defendant [must have] truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme of plan. . . ." The defendant asserts that he provided such information and evidence in his testimony at his first trial, which ended in a hung jury. To the extent the government feels he has not satisfied this requirement, the defendant has requested a debriefing prior to the resentencing hearing.

The government argues that the defendant has not complied with the fifth criterion because to date, the only information provided to the government was the defendant's declaration of innocence and no other information or evidence. The Court agrees with the government that the defendant has not met the fifth criterion and, thus, that the safety valve does not apply to Count I.

B. *The safety valve provision does not apply to Count III because resentencing on Count III is beyond the scope of the remand and because the defendant does not meet the fifth criterion for application of the safety valve provision.*

■ The defendant argues that this Court has discretion to, and should, resentence him on Count III pursuant to the safety valve provision. The defendant has cited authority from other Circuits for the proposition that the Court, in its discretion, may reconsider the entire "sentencing package," not only the unlawful portion. While reconsideration of an entire "sentencing package" may be appropriate under some circumstances, it clearly is not appropriate in the present case.

In its opinion in this case, the Court of Appeals stated: "The 175 month prison term is proper as to count three because the schoolyard statute carries an enhanced penalty. . . . For the foregoing reasons, we affirm Edmonds's conviction on counts one and three, vacate his conviction on count two and remand his case for resentencing on count one." 69 F.3d at 1178. The mandate of the Court of Appeals in this case is clear. To resentence on Count III would be to exceed the scope of that mandate.

Furthermore, for the same reason that the safety valve provision does not apply to the defendant with respect to Count I, it would not apply with respect to Count III. Namely, the defendant has not met the fifth criterion of 18 U.S.C. § 3553(f).[1]

## II. A DOWNWARD DEPARTURE IS NOT WARRANTED UNDER § 5K2.

■ Under § 5K2 of the guidelines, a court may impose a sentence outside the applicable guideline range if the court finds the existence of a factor which "the Commission has not been able to take into account fully in formulating the guidelines." The defendant argues that the disparity in sentencing for crack cocaine as opposed to powder cocaine is a ground for departure. However, this Circuit has considered and rejected that argument. *United States v. Anderson,* 82 F.3d 436 (D.C.Cir.1996). Also, the defendant argues that his family circumstances, namely, the burdens his incarceration places on his wife and son, warrant departure. However, family responsibilities are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. U.S.S.G. § 5H1.6 (1995). Although the defendant's family faces hardship, to which the Court is sympathetic, the defendant's family circumstances are not of an extraordinary nature or degree that would warrant departure.

1. The government also asserts that the safety valve provision does not apply to the schoolyard statute. At least one Circuit has agreed with the government, *see United States v. McQuilkin,* 78 F.3d 105 (3d Cir.1996); however, this Circuit has not yet addressed that issue. The Court need not decide the issue because it holds on other grounds that the safety valve provision does not apply to the defendant.

## III. THE COURT IS WITHOUT JURISDICTION TO CONSIDER THE DEFENDANT'S CONSTITUTIONAL CHALLENGE TO THE GUIDELINES.

■ The defendant, *pro se*,[2] argued at the July 18, 1996 hearing that the disparity in sentencing for a crack cocaine offense as opposed to a powdered cocaine offense is unconstitutional. This argument was considered in connection with the defendant's § 2255 Motion, which was denied by the Court's Order dated June 17, 1996. The defendant has appealed that Order. Therefore, the Court of Appeals, and not this Court, has jurisdiction over that issue. Furthermore, while the Court recognizes that the defendant offered additional legal arguments at the resentencing hearing on this issue, those arguments are without legal merit.

### CONCLUSION

For the foregoing reasons, the defendant's arguments are without merit. Accordingly, the Court sentenced the defendant on July 18, 1996 to a prison term of 151 months as to Count 1 and a prison term of 175 months as to Count 3, to run concurrently by the count. The sentence of the Court is fully set forth in the Order of July 19, 1996, which is attached hereto and is made a part hereof.

### APPENDIX

United States District Court For
The District of Columbia

UNITED STATES OF AMERICA

Plaintiff(s)

vs.

RODGER EDMONDS

Defendant(s)

**Case No. 90–393–04**

Filed July 19, 1996.

## ORDER RESENTENCING DEFENDANT

Pursuant to the directive of the United States Court of Appeals for the District of Columbia Circuit vacating the defendant's conviction on count two of the retyped indictment and remanding the defendant for resentencing on count one of the retyped indictment and based upon the entire record herein, it is, by the Court, this 18th day of July, 1996,

ORDERED that the defendant's conviction on count 2 of the retyped indictment shall be and hereby is vacated; and it is

FURTHER ORDERED that as to Count 1 of the retyped indictment the defendant shall be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE HUNDRED AND FIFTY–ONE (151) MONTHS and as to Count 3 of the retyped indictment the defendant shall be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE HUNDRED SEVENTY–FIVE (175) MONTHS; said terms of imprisonment shall run concurrently by the count; and it is,

FURTHER ORDERED that upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS as to Count 1 of the retyped indictment and a term of TEN (10) YEARS as to Count 3 of the retyped indictment; said terms of supervised release shall run concurrently by the count.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall comply with the standard conditions of supervision that have been adopted by this court; and shall comply with the following additional conditions:

1) The defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2) The defendant shall not own or possess a firearm or destructive devise.

---

**2.** By Order dated July 16, 1996, the Court granted the defendant's Motion to Represent Himself on this issue. In all other aspects of the resentencing, the defendant was represented by his able counsel.

3) The defendant shall not use, possess, or distribute illegal drugs, nor shall she associate with known drug dealers or be present where illegal drugs are used, sold, or distributed.

4) The defendant shall obey such further orders, which may be issued from time to time, by the Court or the U.S. Probation Office;

FURTHER ORDERED that the defendant has no ability to pay a fine, costs of incarceration and costs of supervised release and the Court waives these alternative sanctions in view of the defendant's lengthy period of confinement; and it is

FURTHER ORDERED that the defendant shall pay a special assessment in the amount of $100.00 ($50.00 as to each count).

/s/Charles R. Richey
CHARLES R. RICHEY,
UNITED STATES DISTRICT JUDGE