**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                    No. 99-4099

VARIAN STRADWICK, a/k/a V.V.,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                    No. 99-4112

STEFON STRADWICK, a/k/a Big Strad,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-98-17)

Submitted: September 30, 1999

Decided: October 27, 1999

Before NIEMEYER and TRAXLER, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph J. Harris, Morgantown, West Virginia; Thomas E. White, Moundsville, West Virginia, for Appellants. David E. Godwin, United States Attorney, Robert H. McWilliams, Jr., Assistant United States Attorney, Sam G. Nazzaro, Jr., Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Varian Stradwick and Stefon Stradwick appeal the sentences imposed as a result of their guilty pleas to offenses stemming from their roles in a crack cocaine distribution conspiracy. Varian Stradwick pled guilty to distribution of crack cocaine and distribution of crack cocaine within 1000 feet of a school in violation of 21 U.S.C. § 841(a)(1) (1994), and 21 U.S.C. § 860 (1994), respectively. Stefon Stradwick pled guilty to conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846 (1994). Finding no error in the district court's sentences, we affirm.

Both Appellants suggest that the district court committed clear error in determining the amount of crack cocaine to be attributed to each of them for sentencing purposes. See United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3790 (U.S. June 15, 1998) (No. 97-9085). This Court affords due deference to the district court's choice to credit the grand jury testimony of a co-conspirator over the Appellants' denials of involvement in determining the amount of crack cocaine included in the Appellants' relevant conduct. See United States v. Williams, 977 F.2d 866, 870 (4th Cir. 1992). Our review of the record and relevant documents reveals nothing that would suggest that the district court

2

abused its broad discretion by crediting that testimony. <u>See United States v. Falesbork</u>, 5 F.3d 715, 722 (4th Cir. 1993). We find that there was no clear error on the part of the district court in determining the drug amounts for sentencing purposes.

In addition, the district court properly declined to award Varian Stradwick two-level reductions under USSG § 5C1.2, <u>see United States v. McQuilkin</u>, 78 F.3d 105, 108 (3d Cir. 1996), and did not clearly err in refusing a similar reduction under USSG § 3B1.2. <u>See Love</u>, 134 F.3d at 606. Finally, we conclude that there was no violation of Stefon Stradwick's due process right to obtain potentially favorable information that was in the possession of the government because the information the government failed to share in this instance was not material and would not have affected the result of the sentencing proceeding. <u>See Brady v. Maryland</u>, 373 U.S. 83, 87 (1963); <u>see also Kyles v. Whitley</u>, 514 U.S. 419, 433-34 (1995).

Finding no merit to any of the Appellants' assignments of error, we affirm their convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3