**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tirso KAKATIN, Defendant–Appellant.**

No. 99–10361.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2000

Filed June 1, 2000

Alexander Silvert, First Assistant Federal Defender, Honolulu, Hawaii, for the defendant-appellant.

Craig H. Nakamura, Assistant United States Attorney, Honolulu, Hawaii, for the plaintiff-appellee.

Before: WOOD, Jr.,[1] KLEINFELD, and GRABER, Circuit Judges.

GRABER, Circuit Judge:

In this case, we must answer the question whether the "safety valve" provision of 18 U.S.C. § 3553(f) applies to a conviction under 21 U.S.C. § 860. Like the Third and Eleventh Circuits, we answer "no."

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On February 11, 1999, Defendant, Tirso Kakatin, was indicted and charged with one count of possessing with the intent to distribute, and distributing, crystal methamphetamine within 1,000 feet of a school, in violation of 21 U.S.C. § 841(a)(1)[2] and 21 U.S.C. § 860(a).[3] Two days later, Defendant was arrested. On March 15, he pleaded guilty to the single count charged in the indictment.

In preparation for sentencing, the United States Probation Office prepared a draft presentence report (PSR). The draft PSR stated that, under the Sentencing Guidelines, the applicable sentencing range was 10 to 16 months. The PSR also noted that, under § 860(a), Defendant's conviction carried a one-year mandatory minimum sentence. *See* 21 U.S.C. § 860(a). The draft PSR determined, however, that the "safety valve" provision of 18 U.S.C. § 3553(f) applied to Defendant's § 860 conviction and that Defendant could avoid the statutory one-year mandatory minimum sentence by meeting the safety-valve requirements of § 3553(f).[4]

---

1.  The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

2.  Title 21 U.S.C. § 841(a)(1) provides in part:

    [I]t shall be unlawful for any person knowingly or intentionally—
    (1) to manufacture, distribute, or dispense . . . a controlled substance[.]

3.  A person violates 21 U.S.C. § 860(a) when that person

    "violates section 841(a)(1) . . . by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university, or a playground, or housing

facility owned by a public housing authority . . . ."

4.  Title 18 U.S.C. § 3553(f) provides:

    **Limitation on applicability of statutory minimums in certain cases.**—Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963), the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that—
    [Listing five requirements.]

The government objected to the draft PSR's conclusion that the safety-valve provision applies to a § 860 conviction. The probation office agreed with the government and revised the PSR, concluding that Defendant was not eligible for the safety-valve provision.

At sentencing, Defendant argued that the safety valve applied to his § 860 conviction. The district court disagreed. It held that the statutory mandatory minimum applied and that Defendant's sentencing range was 12 to 16 months' imprisonment. After noting Defendant's extensive criminal history, the court sentenced him to 14 months' imprisonment, 2 months above the mandatory minimum. Defendant timely appeals his sentence.

## STANDARD OF REVIEW

We review de novo the district court's interpretation of the sentencing statutes. *See United States v. DeLaCorte*, 113 F.3d 154, 155 (9th Cir.1997).

## DISCUSSION

■■■ We first note, and Defendant concedes, that by its plain terms § 3553(f) does not apply to § 860 convictions. Nor does the wording of § 3553(f) support the argument that it contains anything other than an exhaustive list of the offenses to which the safety valve applies. Under the plain terms of § 3553(f), the safety valve applies only to convictions under 21 U.S.C. §§ 841, 844, 846, 960, and 963. Under the general rule of statutory construction that the inclusion of certain provisions in a statute implies the exclusion of others, *see Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169, 1177 (9th Cir.1999) (so stating), § 3553(f) does not apply to convictions under § 860.

■■ Despite the plain wording of § 3553(f), Defendant argues that (1) because § 3553(f) expressly applies to convictions under § 841 and (2) because § 841 is a lesser-included offense of a § 860 conviction, § 3553(f) applies indirectly to § 860 convictions. We agree with Defendant, as does the government, that § 841(a) is a lesser-included offense of the crime described in § 860. *See United States v. Freyre–Lazaro*, 3 F.3d 1496, 1507 (11th Cir.1993) (holding that § 841(a) is a lesser-included offense of § 860). However, we do not agree with Defendant that, because § 841 is a lesser-included offense, "convictions under § 860 are nothing more or less than convictions under § 841." Because § 841 is a *lesser*-included offense, a § 860 conviction is a greater or more serious offense—that is, "something more" than a § 841 conviction. *See Schmuck v. United States*, 489 U.S. 705, 716, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989) ("[T]he elements of the lesser offense are a subset of the elements of the charged offense."). A person who has committed a § 860 offense has committed a § 841 offense *and* has done so in a particularly sensitive place.

"The legislative purpose of section [860] was to help reduce drug use by children by 'sending a signal to drug dealers that we will not tolerate their presence near our schools.' Certainly, the congressional goal of reducing the availability and hence the use of drugs by school children is rationally achieved by increasing the penalties for those who sell drugs near schools."

*United States v. Thornton*, 901 F.2d 738, 740 (9th Cir.1990) (quoting 130 Cong. Rec. S559 (daily ed. Jan., 1984) (statement of Sen. Hawkins)). It is a basic principle of criminal justice that those who commit more serious crimes deserve more serious punishment. Accordingly, Congress reasonably could have intended that the safety valve be available to those convicted of violating § 841, but not be available to those convicted of committing the more serious § 860 offense. Thus, we find unpersuasive Defendant's argument that, because § 841 is a lesser-included offense of a § 860 conviction, § 3553(f) must apply to § 860 convictions.

■■ Defendant next argues that, when Congress enacted § 3553(f) in its present form, it intended the safety valve to apply to § 860 offenses, because Congress be-

lieved that § 860 was just a sentencing enhancement for a violation of § 841, not a separate offense. Defendant correctly notes that Congress placed the safety valve provision in § 3553, which is titled "Imposition of a sentence." Defendant also correctly notes that § 3553(f) applies to penalties for certain crimes carrying mandatory minimum sentences. Additionally, Defendant is correct that the heading of § 860(a) is "Penalty."[5] From these clues, Defendant argues that Congress did not contemplate that § 860 was a separate substantive offense from § 841. Accordingly, Defendant argues that Congress did not believe it necessary to include § 860 in the list of offenses to which § 3553(f) applies because, by including a reference to § 841 in § 3553, Congress intended § 3553 to apply automatically to sentences under § 860.

Defendant's argument sidesteps the fact that this circuit (and several other circuits) already have held that *Congress intended* that § 841 and § 860 be separate substantive offenses. *See United States v. Crawford,* 185 F.3d 1024, 1027 n. 9 (9th Cir. 1999); *United States v. Saavedra,* 148 F.3d 1311, 1316 (11th Cir.1998); *United States v. Chandler,* 125 F.3d 892, 896 (5th Cir.1997); *United States v. McQuilkin,* 78 F.3d 105, 109 (3d Cir.1996); *United States v. Johnson,* 46 F.3d 1166, 1169 (D.C.Cir. 1995); *United States v. Parker,* 30 F.3d 542, 553 (4th Cir.1994); *United States v. Smith,* 13 F.3d 380, 382 (10th Cir.1993). We decline to revisit that holding. Because Congress meant § 841 and § 860 to be separate offenses, if Congress had intended that § 3553(f) apply to convictions under § 860, it would have included § 860 in the list of statutes to which § 3553(f) applies. Congress did not do so.

■ Finally, Defendant argues that, because *the interrelationship between* § 841 *and* § 860 *is ambiguous, the doctrine of lenity requires that those convicted of violating* § 860 *be eligible for the safety valve of* § 3553(f). Because it is clear that § 841

and § 860 are separate substantive offenses, and because there is no "ambiguity concerning the ambit of" § 3553(f), we have no occasion here to apply the doctrine of lenity. *Rewis v. United States,* 401 U.S. 808, 812, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971).

With this opinion, we join the Third and Eleventh Circuits in holding that the safety valve provision of 18 U.S.C. § 3553(f) does not apply to convictions under 21 U.S.C. § 860. *See United States v. Anderson,* 200 F.3d 1344, 1348 (11th Cir. 2000); *McQuilkin,* 78 F.3d at 109. The decision of the district court is

AFFIRMED.

---

**5.** Although the heading for subsection 860(a) is "Penalty," the entire statute's title is "Distribution or manufacturing in or near schools and colleges." 21 U.S.C. § 860.