UNITED STATES of America

v.

James Rufus MCCOY, Jr.

No. Crim.A. 00–335.

United States District Court,
E.D. Pennsylvania.

May 22, 2001.

S. Lee Ruslander, II, West Chester, PA, for Defendant.

Albert S. Glenn, U.S. Dept. of Justice, Asst. U.S. Atty., Philadelphia, PA, for U.S.

*MEMORANDUM*

DALZELL, District Judge.

The sentencing hearing we conducted this day involved a technical but important question of the Sentencing Guidelines' application that our Court of Appeals has yet to address. Specifically, the question has to do with the interplay of the so-called safety valve of U.S.S.G. § 5C1.2 with the "specific offense characteristics" provisions of U.S.S.G. § 2D1.1(b)(6). As will be seen, this issue is quite consequential to this defendant, who turns sixty-one in eight days.

James Rufus McCoy on January 5, 2001 pleaded guilty to Count 3 of the Indictment, which charged him with manufacture of cocaine base in a school zone, in violation of 21 U.S.C. § 860. According to the Probation Office's calculation in the Presentence Investigation Report ("PSI"), pursuant to U.S.S.G. § 2D1.2, the base offense level for McCoy is 30, which is predicated on the 22.85 grams of crack that McCoy cooked, plus 2 levels for cooking the cocaine at a location within 1,000 feet of a public school (PSI ¶ 21). Pursuant to U.S.S.G. § 3E1.1, McCoy receives a three level reduction for his timely expression of acceptance of responsibility. Lastly, the Probation officer applies U.S.S.G. § 2D1.1(b)(6) because McCoy meets the five criteria set forth in U.S.S.G. § 5C1.2, thereby decreasing his total offense level by two levels (*see* PSI ¶ 22).

The Government takes issues with this last step. Specifically, it contends that no aspect of the "safety valve" provided by § 5C1.2 should apply, and that therefore the proper total offense level should be 27, with a range of 70–87 months, rather than the 60–71 month range the Probation Officer calculated (as supplemented by the application of the mandatory minimum under 21 U.S.C. § 860). *See* PSI ¶¶ 69–70.

For the reasons that follow, we overrule the Government's objections to the Probation Officer's calculation.

*Application of § 2D1.1(b)(6)*

United State Sentencing Guideline § 2D1.1(b)(6), which falls under the "specific offense characteristics" section for drug offenses, states that "[i]f the defendant meets the criteria set forth in subdivisions (1)–(5) of § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases) and the offense level determined above is level 26 or greater, decrease by 2 levels." In turn, U.S.S.G. § 5C1.2 states:

> In the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)–(5) set forth verbatim below:
>
> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

The Government does not dispute that McCoy meets these five characteristics. The Government maintains, however, that because McCoy pleaded guilty to a violation of 21 U.S.C. § 860, he is not eligible for the 2 level reduction in § 2D1.1(b)(6), since § 860 is not one of the offenses listed in the first paragraph of § 5C1.2. The Probation Office responds that although McCoy would not be eligible for a § 5C1.2 "safety valve", this is analytically distinct from his eligibility under § 2D1.1(b)(6), which merely references some subparts of § 5C1.2, and does not include all the other limitations contained in 5C1.2.

Specifically, the Government argues that § 2D1.1(b)(6) should only apply when the "safety valve" provided in § 5C1.2 also obtains. The Government cites in support Judge Katz's recent Memorandum in *United States v. Ortiz*, 100 F.Supp.2d 295, 299 (E.D.Pa.2000).

In *Ortiz*, the defendant had pleaded guilty to, *inter alia*, 21 U.S.C. § 860, the offense to which McCoy pleaded here, and the probation officer had refused to give him the 2 offense level reduction pursuant to § 2D1.1(b)(6) even though Ortiz met the five criteria in § 5C1.2.[1] Disposing of this objection, Judge Katz said:

---

**1.** Why the Probation Office takes inconsistent positions on this point is a mystery we need not solve.

Ortiz argues that because he is not a manager or supervisor, he qualifies for a two-level decrease in his offense level. In order to receive this downward adjustment, a defendant must have a pre-adjustment offense level of at least 26 and meet the "safety valve" criteria set forth in U.S.S.G. § 5C1.2. *See* U.S.S.G. § 2D1.1(b)(6). However, section 5C1.2 only applies to certain enumerated drug offenses: it does not apply to one of the offenses to which Ortiz pled guilty, distribution of a controlled substance within 1000 feet of a school in violation of 21 U.S.C. § 860. *See* U.S.S.G. § 5C1.2; *cf. United States v. McQuilkin*, 78 F.3d 105, 108–09 (3d Cir.1996) (holding that relief under 18 U.S.C. § 3553(f), the statutory safety valve provision, is not available to defendants convicted of a violation of 21 U.S.C. § 860 because that offense is excluded from the list of offenses to which the statutory safety valve applies). Accordingly, Ortiz cannot receive a two-level safety valve downward adjustment to his offense level.

*Ortiz*, 100 F.Supp.2d at 299.

*Ortiz* is the only case directly on point that the Government cites. The Government goes on to argue that its claim is buttressed by the fact that our Court of Appeals has found that 18 U.S.S.G. § 3553(f), the enabling safety valve statute, does not apply to violations of 21 U.S.C. § 860. In this regard, the Government cites *United States v. McQuilkin*, 78 F.3d 105, 108–09 (3d Cir.1996), which Judge Katz cited, and *Watterson v. United States*, 219 F.3d 232 (3d Cir.2000), in which the panel held that the upward adjustment for a school zone drug offense (pursuant to § 2D1.2) did *not* apply where the defendant wasn't charged under 21 U.S.C. § 860, even though the offense had in fact taken place inside a school zone. These two decisions, the Government maintains,

shows that our Court of Appeals views the Guidelines provisions for 21 U.S.C. § 841 and § 860 as being completely distinct; thus, as allowing McCoy a 2 level lower adjustment pursuant to § 2D1.1(b)(6) would "mix" the Guidelines as to these offenses, it is impermissible.

The Government also notes that although § 2D1.1(b)(6) does not reference the introduction to § 5C1.2, § 2D1.1(b)(6)'s "apparent purpose ... is to state that when the 'safety valve' applies to a drug count, there should be an additional 2–level reduction." Gov't.'s Sentencing Mem. at 5. The Government goes on to note that there is nothing in the Guidelines' commentary for either section to suggest that the Commission intended § 2D1.1(b)(6) to apply if the safety valve did not. Finally, the Government contends that applying the § 2D1.1(b)(6) reduction to 21 U.S.C. § 860 would negate the 2 level upward adjustment provided in § 2D1.2.

The Probation Officer argues that § 2D1.1(b)(6) does not require that McCoy satisfy the "safety valve" requirements and instead simply references the five conditions. He also notes that other Circuits have made the safety valve available to defendants whose offenses were not specifically included in § 5C1.2. *See, e.g., United States v. Mertilus*, 111 F.3d 870 (11th Cir. 1997).

*Analysis*

There is no question that the "safety valve" provided in 18 U.S.C. § 3553 and § 5C1.2 cannot apply to McCoy because he pleaded guilty to 21 U.S.C. § 860. This was the plain holding of *McQuilkin*, which relied, in so holding, on (1) the observation that § 860 was not one of the specifically enumerated provisions and (2) application of the canon of construction that *inclusio unius est exclusio alterius, McQuilkin*, 78 F.3d at 108. The question is whether

*McQuilkin* carries the day for the Government.

As noted above, Judge Katz's opinion in *Ortiz* held that it does. Our research found no other case in our Circuit that addressed the problem before us.

With great deference to Judge Katz's reasoning in *Ortiz,* we come to another conclusion. *Ortiz* held that in order to receive the grace of § 2D1.1(b)(6), a defendant must meet § 5C1.2 *in toto.* Looking at the language of § 2D1.1(b)(6), the Sentencing Commission was at pains to simply appropriate the five criteria from § 5C1.2, *without* necessarily adopting anything else associated with § 5C1.2. If the Commission wanted to have that 2 level adjustment apply only to those defendants eligible for relief under § 5C1.2, it could readily have said so in just a few words. But it did not do so.

For similar reasons we find unconvincing the Government's arguments (1) that we should reject the application of § 2D1.1(b)(6) here because there is nothing in the Guidelines to suggest that it was meant to apply if the safety valve didn't, and (2) that § 2D1.1(b)(6)'s "apparent purpose" was to give an additional break to those eligible for the safety valve.[2] These arguments seem to stem from the initial supposition that § 2D1.1(b)(6) is somehow related to the safety valve, and is not just borrowing language from it. But this is a supposition that decides the issue.

Again, the bare language of § 2D1.1(b)(6) merely borrows the five § 5C1.2 criteria. It does not tie § 2D1.1(b)(6) to the presence or absence of the "safety valve", which is set forth in the introductory paragraph to § 5C1.2, a paragraph that § 2D1.1(b)(6) does not mention or incorporate.

We also find wanting the Government's complaint that the application of this adjustment negates the 2 level upward adjustment for being in a school zone. This contention is simply beside the point. It is perfectly consistent for the Commission to give 2 extra levels with one hand, but then take away 2 levels with the other if the defendant meets the rather stringent set of five criteria that are set forth in § 5C1.2. It is hardly every drug defendant who could meet these, so the fact that one who does meet them essentially "gets away with" selling in a school zone for sentencing purposes should not trouble us too much.

Finally, we cannot accept the Government's argument based on the relationship between the Guidelines provisions for § 841 and § 860. As *Watterson* demonstrates, our Court of Appeals takes seriously the difference between being charged with 21 U.S.C. § 860 (as McCoy was) and being charged with 21 U.S.C. § 841, even if that violation of § 841 occurs in a school zone. Of particular note is that our Court of Appeals maintains this distinction despite that the mandatory minimum that applies in this case (and that applied in *Watterson* ) in fact comes from § 841, since § 860 tells us to apply *either* a one year mandatory minimum (in § 860) or the mandatory minimum from § 841, if it is greater. That is, the statutes themselves are quite intertwined.

Thus, we could see the following argument as resulting from the Government's logic: (1) McCoy pleaded to 21 U.S.C.

---

**2.** The logic of this proposition is not immediately apparent to us. Since § 5C1.2 already allows for the "piercing" of a mandatory minimum sentence, if the Commission merely intended also to give § 5C1.2 beneficiaries an additional 2 level drop, why did it not include such a provision in § 5C1.2? That is, on the Government's theory, why would the 2 level drop be provided in such a roundabout way?

§ 860; (2) the offense level for § 860 comes from § 2D1.2[3]; therefore (3) § 2D1.1, including the 2 level downward adjustment in § 2D1.1(b)(6), is simply in-apposite to the calculation of our offense level here, since we know we must keep § 860 sentencing separate from § 841 sentencing, and § 2D1.2 is the Guidelines section for § 860. Moreover, the argument would continue, if we look at the "statutory provisions" listing for § 2D1.1, we note that it does not include § 860, while § 860 is one of the statutory provisions listed for § 2D1.2.

This hypothesized argument does not work. Section 2D1.2 provides the *base offense level* for those convicted under 21 U.S.C. § 860. However, the base offense level is the *only* thing included under § 2D1.2. There are no other provisions; most notably, there are no "specific offense characteristics".

Conversely, in § 2D1.1(b), there are six "specific offense characteristics", including § 2D1.1(b)(6), which is at issue here. "Characteristic" adjustments include:

- 2 level increase for use of a dangerous weapon
- 2 level increase (or increase to level 26) for use of certain aircraft
- 2 level increase if object was to distribute in prison
- 2 level increase for certain methamphetamine manufacture or importation
- 2 level increase for unlawful discharge or handling of toxic substance
- 2 level decrease for meeting § 5C1.2 criteria

Thus, it would seem only logical that to the extent that *any* of these adjustments apply to 21 U.S.C. § 860, then they *all* must apply, including § 2D1.1(b)(6). Therefore, the only way the Government's "structure of the guidelines" argument could work would be if the Government would concede that it would not apply, for example, § 2D1.1(b)(1) to give an adjustment upward if McCoy had a gun, or § 2D1.1(b)(3) to give an adjustment upward if McCoy had been manufacturing drugs destined for a prison. But such a claim, even were the Government to make it, would seem perverse since it would be *exempting* school-zone drug manufacturers from many upward adjustments simply because they were in a school zone.

Hence, we conclude that the § 2D1.1(b) adjustments in general are applied to 21 U.S.C. § 860 criminals, and thus § 2D1.1(b)(6) is as well. There is nothing in the language of § 2D1.1(b)(6) to suggest that the Commission was doing anything other than borrowing, for its own ends, the five criteria from § 5C1.2. Its relation to that "safety valve" provision ends there. Simply because McCoy is not eligible for a safety valve departure thus does not disqualify him from the 2 level downward adjustment under § 2D1.1(b)(6).

*United States v. Mertilus*, 111 F.3d 870 (11th Cir.1997) squarely supports this proposition. It held that § 2D1.1(b)(6)[4] "does not limit consideration of the two-level reduction to the enumerated offenses in section 5C1.2" and "does not limit the application of the five factors in section

---

**3.** Now, § 2D1.2 does simply say (in effect) "add 2 to the base offense level from the drug quantity table in § 2D1.1", but pursuant to *Watterson,* the argument would go, this cross-reference between the two Guidelines sections should not seduce us into combining the Guidelines.

**4.** At the time of the *Mertilus* opinion, the provision now identified as § 2D1.1(b)(6) was located at § 2D1.1(b)(4).

5C1.2 to the crimes listed therein," *Mertilus,* 111 F.3d at 874.

We therefore will overrule the Government's objection.