NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4655
_____

UNITED STATES OF AMERICA,

v.

WALTER SKINNER,
a/k/a WALTER BAINED,
a/k/a/ WALTER BAINES,

Walter Skinner,
Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 2:07-cr-00336-002)
District Judge: Honorable John P. Fullam
_____

Submitted Under Third Circuit LAR 34.1(a)
January 24, 2012
_____

Before: FISHER, GREENAWAY, JR., *Circuit Judges* and JONES[*], *District Judge*.
_____

(Opinion Filed: January 26, 2012)
_____

_____

[*] Hon. John E. Jones III, District Judge, United States District Court for the Middle
District of Pennsylvania, sitting by designation.

1

---

OPINION

---

GREENAWAY, JR., *Circuit Judge*

Appellant Walter Skinner ("Skinner") pled guilty to a series of drug offenses in the United States District Court for the Eastern District of Pennsylvania. He was sentenced to ten years of imprisonment and now appeals his conviction and sentence. We hold that the District Court did not err in denying Skinner's motion to suppress the evidence obtained on the night of his arrest. We further hold that 18 U.S.C. § 3553(f) and § 5C1.2 of the United States Sentencing Guidelines do not apply to this case. On the other hand, we find that Skinner should be resentenced in accordance with the Fair Sentencing Act of 2010 ("FSA"). For the reasons stated herein, we will affirm the District Court's judgment, vacate Skinner's sentence and remand to the District Court for resentencing.

## I. **BACKGROUND**

Because we write primarily for the benefit of the parties, we recount only the essential facts.

On August 8, 2006 police officers, responding to a radio call that a drug transaction had occurred at 2130 Catharine Street in Philadelphia, Pennsylvania, observed Skinner in his car with co-defendant Wali Thomas. The officers approached the vehicle and saw Skinner counting money with a bag of cocaine on his lap. The officers removed Skinner and Thomas from the car, searched them, recovered drugs and arrested them.

2

Skinner was charged with several counts of possession of cocaine and cocaine base.[1] He filed a motion to suppress the drugs seized during his arrest alleging that his Fourth Amendment rights were violated. The District Court conducted a hearing on the suppression issue and denied the motion, finding the police officers' testimony to be credible. Although Skinner pled guilty, he preserved his right to appeal the District Court's suppression ruling. The District Court sentenced Skinner to ten years of imprisonment.

Skinner now appeals the District Court's judgment and sentence by challenging the District Court's suppression ruling and its interpretation of the relevant sentencing provisions.

## II. JURISDICTION

The District Court had jurisdiction, pursuant to 18 U.S.C. § 3231. We have jurisdiction over the appeal from the District Court's final judgment, pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## III. ANALYSIS

We address three issues on appeal. First, we consider Skinner's argument that the District Court erred in denying his motion to suppress because the police lacked reasonable suspicion to conduct a warrantless search and seizure. Second, we consider whether the District Court erred in sentencing him to a mandatory minimum of ten years

---

[1] Skinner's co-defendant, Thomas, was charged in separate counts of the same Indictment. The disposition of the case as it relates to Thomas is not currently before this Court. As such, we resolve the legal issues of this appeal only as they relate to Skinner.

of imprisonment without applying § 5C1.2 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(f) (collectively, "the safety valve provision"). Finally, we address whether Skinner should have been sentenced in accordance with the Fair Sentencing Act of 2010.

We "review the district court's denial of [a] motion to suppress for clear error as to the underlying facts, but exercise plenary review as to its legality in light of the court's properly found facts." *United States v. Kennedy*, 638 F.3d 159, 163 (3d Cir. 2011) (quoting *United States v. Silveus*, 542 F.3d 993, 999 (3d Cir. 2008) (alteration in original)).

The primary issue here is whether the officers illegally stopped Skinner when they pulled up beside his car in an unmarked police car, in plain clothes, and saw Skinner counting money with drugs in his possession. In order to trigger Fourth Amendment protection against an unreasonable search or seizure, a defendant must first be seized through the use of physical force or a show of authority. *United States v. Williams*, 413 F.3d 347, 352 (3d Cir. 2005). The record indicates that the officers did not stop or seize Skinner until after they observed him counting money with cocaine on his lap.

Skinner argues that the officers' acts of pulling up beside his vehicle in an unmarked police car, parking their car, and approaching his vehicle constituted an implied order to stop. We reject this argument because the record does not indicate that the officers used the necessary physical force or show of authority in parking their car and approaching Skinner's car to apply Skinner's supposition. *Id.* ("We conclude that

4

there was no seizure because there was no use of physical force, nor was there any show of authority when the police approached the van in their marked cruiser, exited their vehicle, and approached the parked car on foot."); *see also United States v. Drayton*, 536 U.S. 194, 200 (2002) ("Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen.") (citation omitted). The officers had no markings to indicate that they were law enforcement at the time they parked their car and approached Skinner's vehicle. Additionally, there is no evidence to suggest that they restrained Skinner's ability to leave. In light of these facts, we find that the police officers did not conduct an unconstitutional stop or seizure by parking their car and approaching Skinner's vehicle.

Further, we find that Skinner's display of money and cocaine in plain view established reasonable suspicion that criminal activity was taking place. *Williams*, 413 F.3d at 353 (citing *United States v. Burton*, 288 F.3d 91, 100 (3d Cir. 2002) ("The automobile exception to the warrant requirement permits law enforcement to seize and search an automobile without a warrant if probable cause exists to believe it contains contraband.")). Consequently, we find no error in the District Court's denial of Skinner's motion to suppress.

5

Skinner also alleges that the District Court erred in sentencing him without applying "the safety valve provision" of the United States Sentencing Guidelines.[2] We apply plenary review to the District Court's substantive interpretation of the United States Sentencing Guidelines. *United States v. Fumo*, 655 F.3d 288, 309 (3d Cir. 2011). Section 5C1.2 of the United States Sentencing Guidelines states,

> [I]n the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5).

Skinner argues that the District Court should have sentenced him without regard to the statutory minimum sentence because he meets the § 3553(f) criteria.[3] Skinner's entreaty fails because he was sentenced for offenses under both 21 U.S.C. § 841 and § 860. Section 3553(f) does not encompass § 860 offenses. Therefore, U.S.S.G. § 5C1.2 is not applicable. *United States v. McQuilkin*, 78 F.3d 105, 108 (3d Cir. 1996) ("In clear and unambiguous language, therefore, 18 U.S.C. § 3553(f) does not apply to convictions under 21 U.S.C. § 860, the 'schoolyard' statute.").

Although we find no error regarding the District Court's application of the Sentencing Guidelines, we shall vacate the District Court's sentence because we find that

---

[2] The term "safety valve provision" refers to §5C1.2 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(f) as incorporated therein.

[3] Title 18 U.S.C. § 3553(f)(1)-(5) limits the applicability of mandatory minimums where a defendant: does not have more than one criminal history point; did not use violence, threats of violence or a dangerous weapon in connection with the offense; was not an organizer, leader or manager in the offense and was not part of a criminal enterprise; truthfully provided all relevant information concerning the offense to the government; and where the offense did not result in death or serious bodily injury.

the District Court erred by not applying the FSA in calculating Skinner's sentence. *See United States v. Dixon*, 648 F.3d 195, 203 (3d Cir. 2011).[4] Skinner indicates that he argued for the application of the FSA at his sentencing hearing; however, he failed to properly raise the issue before this Court in his opening brief. *See United States v. Hoffecker*, 530 F.3d 137, 162 (3d Cir. 2008) (stating that a "one-sentence footnote falls short of meeting the requirement that an appellant raise an issue in his opening brief or else waive the issue on appeal") (citing *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal")). We nonetheless consider the FSA argument because we find this instance to be one of "extraordinary circumstance." *United States v. Albertson*, 645 F.3d 191, 195 (3d Cir. 2011).

Here, the extraordinary circumstance excusing Skinner from failing to raise the issue in his opening brief is that he filed the opening brief before our Court ruled that the FSA was retroactive. The Government concedes that the FSA should be applied in this case; hence, no prejudice occurs to its detriment. Finally, failing to consider the application of the FSA would result in a miscarriage of justice where, as is true here, we

---

[4] "The FSA reduced the crack/powder ratio to approximately 18:1. According to the Act, the five-year mandatory minimum penalty for possessing crack cocaine is not triggered until a person possesses twenty-eight grams and the ten-year mandatory minimum penalty for possessing crack cocaine is not triggered until a person possesses 280 grams." *Dixon*, 648 F.3d at 197 (citing Fair Sentencing Act of 2010, Pub. L. 111–220, § 2, 124 Stat. 2372, 2372 (2010)).

have previously held that "the FSA requires application of the new mandatory minimum sentencing provisions to all defendants sentenced on or after August 3, 2010, regardless of when the offense conduct occurred." *Dixon*, 648 F.3d at 203.

Skinner's sentence was imposed by the District Court on December 7, 2010. Therefore, applying our holding in *Dixon*, we will vacate the District Court's sentence and remand to the District Court so that Skinner may be resentenced in accordance with the FSA.

## IV.  CONCLUSION

For the reasons stated above, we will affirm the District Court's judgment, vacate the District Court's sentence and remand the case for resentencing, in accordance with this Opinion.