RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 12a0249p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

        *v.*

EDWING RONAL MORALES,
            *Defendant-Appellant.*

No. 11-5505

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 3:09-cr-226-5—Todd J. Campbell, Chief District Judge.

Argued:
Decided and Filed:  August 7, 2012

Before:  BOGGS, NORRIS, and KETHLEDGE, Circuit Judges.

———————————

**COUNSEL**

**ON BRIEF:** Peter J. Strianse, TUNE, ENTREKIN & WHITE, P.C., Nashville, Tennessee, for Appellant.  Philip H. Wehby, UNITED STATES ATTORNEY'S OFFICE, Nashville, Tennessee, for Appellee.

———————————

**OPINION**

———————————

        ALAN E. NORRIS, Circuit Judge.  Defendant Edwing Ronal Morales appeals his convictions for two counts of making false statements during the purchase of a firearm from a federally licensed dealer, in violation of 18 U.S.C. § 922(a)(6), following a jury trial.  He raises three issues on appeal.  First, Morales argues that the district court erred in denying his Rule 29(a) motion for judgments of acquittal.  Specifically, he argues that his misrepresentations as to the identity of the actual purchaser of the firearms, arising out of attempted straw purchases on behalf of his friend Julio Cesar

1

Rojas-Lopez, were not material to the lawfulness of the transactions because Rojas-Lopez was himself an eligible purchaser. Second, Morales argues that, even assuming that Section 922(a)(6) applies to his conduct, the scope of the statute is so ambiguous that the district court should have applied the rule of lenity and, as a result, we must reverse his convictions. Third and finally, Morales argues that the district court abused its discretion in excluding as irrelevant a 1979 Bureau of Alcohol Tobacco and Firearms ("ATF") circular providing guidance on lawful straw purchases because this circular was probative of the good faith defense he pursued at trial.

## I.

A grand jury indicted Edwing Ronal Morales and four codefendants on forty total counts, all in connection with an alleged conspiracy to fraudulently purchase and export firearms to Guatemala. According to the indictment, Morales misrepresented on statutorily required purchase forms, known as Firearms and Explosives Form 4473, that he was the actual buyer of various semi-automatic pistols "when in fact as [Morales] then knew, he was not the actual buyer of the firearms." Morales proceeded to trial on the two counts charging him with making false statements; the remaining charges against him were dismissed on motion by the government.

At trial, Morales conceded that he had attempted to purchase three firearms on behalf of codefendant Julio Cesar Rojas-Lopez, a longtime friend. Morales and Rojas-Lopez went to a gun dealer in both May and July of 2009 and each time Morales executed a Form 4473 for the firearms listing himself as the actual purchaser, but, both times, he inexplicably failed the background checks. Morales, then working as a police officer, testified that he had believed that straw purchases of firearms were lawful so long as both parties were eligible purchasers and, as a precaution, he had verified that Rojas-Lopez was a non-felon.

After the close of the government's case-in-chief, Morales moved for judgments of acquittal on both counts, pursuant to Federal Rule of Criminal Procedure 29(a). In general, Morales argued that 18 U.S.C. § 922 prohibits only "the sale of firearms through third-party intermediaries to persons ineligible under the Gun Control Act to purchase

firearms themselves." Under this theory, if the actual purchaser were himself eligible, any misrepresentation as to his identity could not be material to the lawfulness of the transaction. Because "Mr. Rojas-Lopez was not a prohibited person," Morales insisted that misrepresenting himself as the "actual or true purchaser on the 4473 form could never be material as contemplated by the statute."

The court denied Morales's motion, ruling that the prohibition against making false statements found in Section 922(a)(6) is "not limited just to prohibited persons" and stressing that Rojas-Lopez was apparently attempting to acquire the firearms for an unlawful exporting scheme. The court explained,

> It is clear in this particular case Mr. Rojas-Lopez was attempting to conceal that he was making multiple purchases through other people. Apparent motive apparently was so there wouldn't be an aggregated record of what he was doing at multiple places and certainly to secrete that his intention to export, and those are also appropriate policy reasons under the statute that Congress could recognize. And I don't think the statute on its face is limited to the false statements regarding a prohibited person. A person who is not prohibited can engage in prohibited activity, and that's also unlawful.

Morales was convicted by the jury on both counts and was ultimately sentenced to fifteen months of imprisonment on each count, to run concurrently.

We review *de novo* a district court's denial of a Rule 29(a) motion for judgment of acquittal. *United States v. Wettstain*, 618 F.3d 577, 583 (6th Cir. 2010). We also review *de novo* questions of statutory interpretation. *United States v. Morris*, 203 F.3d 423, 424 (6th Cir. 2000) (per curiam).

Under 18 U.S.C. § 922(a)(6), it is unlawful

> for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector *with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter . . . .*

18 U.S.C. § 922(a)(6) (emphasis added).   To sustain a conviction under Section 922(a)(6), the government must prove beyond a reasonable doubt that "(1) the defendant knowingly made (2) a false or fictitious oral or written statement that was (3) material to the lawfulness of the sale or disposition of a firearm, and was (4) intended to deceive or likely to deceive a firearms dealer."  *United States v. Harvey*, 653 F.3d 388, 393 (6th Cir. 2011).

Morales argues, as he did before the district court, that 18 U.S.C. § 922(a)(6) does not apply to straw man sales involving two eligible purchasers.  He points out that this interpretation was adopted by the Fifth Circuit in *United States v. Polk*, 118 F.3d 286 (5th Cir. 1997).  In that case, the court held that Section 922(a)(6) liability does not attach where "the true purchaser can lawfully purchase a firearm directly." *Id.* at 295.

That reasoning, however, was explicitly rejected by the Eleventh Circuit in *United States v. Frazier*, 605 F.3d 1271, 1280 (11th Cir. 2010).  The court explained that

> [t]o say that the identity of the actual purchaser is material to the lawfulness of one sale but not to another, is counterintuitive. Although *Polk* focused on whether one's identity affected the lawfulness of a sale under § 922(a)(6), we focus on whether one's identity is a fact that is material to the lawfulness of a sale. The identity of the purchaser is a constant that is always material to the lawfulness of the purchase of a firearm under § 922(a)(6). Thus, it can be reasoned that although the lawfulness of a sale may change depending on the identity of the purchaser, the fact that the identity of the purchaser is material to the lawfulness of the sale does not.

*Id.* (citations omitted).

Concluding that the *Frazier* court's reasoning is sound, we likewise hold that the identity of the actual purchaser is material to the lawfulness of a firearms transaction. The identity of the purchaser is, of course, central to the determination of his eligibility or ineligibility to purchase a firearm.  Where, as here, the purchaser is in fact eligible to purchase the firearm, his identity is no less material to the lawfulness of the transaction. Morales, in misrepresenting the identity of the actual purchaser of the firearms, violated Section 922(a)(6) and we affirm his convictions.

**II.**

However, Morales argues that, even if his conduct falls under Section 922(a)(6), the scope of the statute is so ambiguous that the district court should have applied the rule of lenity and, as a result, we should reverse his convictions.  Because Morales failed to raise this issue below, our review is only for plain error.  *United States v. Osborne*, 673 F.3d 508, 511 (6th Cir. 2012).

The rule of lenity only applies if, "after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended." *Barber v. Thomas*, ___ U.S. ___, 130 S. Ct. 2499, 2508-09 (2010) (quotation marks and citations omitted).  We have described the rule of lenity as "a tiebreaker of last resort" that is appropriate only when, "after consulting traditional canons of statutory construction, we are left with an ambiguous statute." *United States v. Canal Barge Co., Inc.*, 631 F.3d 347, 353 (6th Cir. 2011) (quotation marks and citation omitted).

The scope of Section 922(a)(6) is not so vague as to require the application of the rule of lenity and the reversal of Morales's convictions, particularly under plain error review.  The statute explicitly prohibits a purchaser from making any false statements "with respect to any fact material to the lawfulness of the sale or other disposition" of a firearm. 18 U.S.C. § 922(a)(6).  As we have explained, false statements regarding the actual buyer's identity are material to the lawfulness of the transaction and are thus unambiguously prohibited under the statute.  Therefore, Morales's attempted straw purchase on behalf of an undisclosed, albeit eligible, purchaser clearly ran afoul of the statute.

**III.**

At trial, Morales pursued a good faith defense, generally arguing that he did not knowingly violate Section 922(a)(6) because he reasonably believed that it was lawful to purchase a firearm and complete Form 4473 on behalf of another eligible purchaser. In support, he sought to admit into evidence an ATF circular from 1979 regarding lawful

straw purchases.  According to Morales, the circular explained that the Gun Control Act "does not necessarily prohibit a dealer . . . from making a sale to a person who is actually purchasing the firearm for another person."  The district court excluded the circular, finding that Morales could not prove that it was "relevant to the time period in question."

We review a district court's evidentiary rulings only for abuse of discretion. *United States v. Marrero*, 651 F.3d 453, 471 (6th Cir. 2011).  In addition, "reversal is appropriate only if the abuse of discretion was not harmless error, that is, only if the erroneous evidentiary ruling affected the outcome of the trial."  *Id.* (quotation marks and citation omitted).

Under Federal Rule of Evidence 401, evidence is relevant, and generally admissible, if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401 (amended 2011).

The district court did not abuse its discretion in excluding the 1979 ATF circular as irrelevant.  Morales did not claim that he was aware of this circular at the time of the attempted firearms purchases or that he relied on its guidance in interpreting his disclosure responsibilities under Section 922(a)(6).  Further, he conceded that the circular had not been in effect since 2005.  Based on these facts, we affirm the district court's judgment that this circular, both outdated and unknown to Morales at the time of his offenses, did not tend to support Morales's good faith defense.

**IV**.

The judgment of conviction is **affirmed.**