**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4013**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WAYNE LAMPKIN, a/k/a Alvin Smiley,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore.   J. Frederick Motz, Senior District Judge.  (1:11-cr-00003-JFM-23)

———————

Submitted:  March 20, 2014      Decided:  March 26, 2014

———————

Before WILKINSON, DUNCAN, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Marc Gregory Hall, LAW OFFICE OF MARC G. HALL, P.C., Rockville, Maryland, for Appellant.   Rod J. Rosenstein, United States Attorney, Ayn B. Ducao, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Wayne Lampkin was convicted of conspiracy to possess with intent to distribute at least one kilogram of heroin. See 21 U.S.C. § 846 (2012). The district court vacated that part of the jury's finding that Lampkin was responsible for one kilogram of heroin and determined that it was reasonably foreseeable to Lampkin that the conspiracy involved at least 100 grams but less than 400 grams of heroin. Lampkin was originally sentenced to 120 months' imprisonment, the statutory minimum sentence after the Government filed notice under 21 U.S.C. § 851 (2012) that it was going to seek enhanced penalties based on a prior felony conviction. Lampkin successfully had the predicate conviction vacated by state court. His appeal was sent back to the district court for resentencing due to the fact that he no longer had a predicate conviction that made him eligible for the increased statutory sentence. On remand, the court sentenced Lampkin to sixty months' imprisonment and four years' supervised release. Lampkin appeals, raising several issues. We affirm.

Lampkin argues that the district court erred permitting evidence of a prior drug conviction. We review a district court's determination of the admissibility of evidence under Rule 404(b) for abuse of discretion. United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). An abuse of

2

discretion occurs only when "the trial court acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (internal quotation marks omitted). We agree with the Government that there is no record Lampkin ever objected to the Government's motion to admit the evidence. Thus, review is for plain error. To establish plain error, a defendant has the burden of showing: (1) that an error was made; (2) that the error was plain; and (3) that the error affected his substantial rights. United States v. Carthorne, 726 F.3d 503, 510 (4th Cir. 2013), cert. denied, __ U.S. __, 2014 WL 684378 (2014).

After reviewing the record, we conclude that there was no plain error. The evidence was relevant toward the issue of Lampkin's knowledge and intent. We also conclude that the probative value of the evidence was not outweighed by substantial prejudice.

Lampkin also argues that there were so many errors with the transcripts of the monitored telephone calls that the jury should not have been able to use the transcripts while listening to the telephone calls. A district court's decision to allow the jury to use transcripts while listening to tape recorded telephone calls is reviewed for abuse of discretion. United States v. Brandon, 363 F.3d 341, 343-44 (4th Cir. 2004). We have reviewed the record and conclude there was no abuse of

3

discretion. The district court gave a limiting instruction to the jury. We also note that there was support for the accuracy of the transcripts. See United States v. Collazo, 732 F.2d 1200, 1203-04 (4th Cir. 1984).

Lampkin also argues that the district court erred allowing a law enforcement investigator to give expert testimony regarding the meaning of certain coded language used by the defendant and others that were captured on the recorded telephone calls. We review a district court's evidentiary decisions for abuse of discretion. United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010). Evidentiary rulings are subject to harmless error review, and, in order to find a district court's error harmless, we "need only be able to say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." Id.

After reviewing the record, including the expert testimony, we conclude that the district court did not abuse its discretion.

Also, Lampkin claims that the evidence was insufficient to establish that he knowing and voluntarily joined a drug conspiracy. We review de novo the sufficiency of the evidence supporting a conviction. United States v. McLean, 715 F.3d 129, 137 (4th Cir. 2013). In assessing evidentiary

4

sufficiency, we must determine whether, viewing the evidence in the light most favorable to the government and accepting the factfinder's determinations of credibility, the verdict is supported by substantial evidence — that is, "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. King, 628 F.3d 693, 700 (4th Cir. 2011) (internal quotation marks omitted). "A defendant bringing a sufficiency challenge must overcome a heavy burden, and reversal for insufficiency must be confined to cases where the prosecution's failure is clear." United States v. Engle, 676 F.3d 405, 419 (4th Cir.), cert. denied, 133 S. Ct. 179 (2012) (internal quotation marks and citations omitted).

To prove a conspiracy under 21 U.S.C. § 846, the Government must establish: "(1) an agreement between two or more persons to engage in conduct that violates a federal drug law, (2) the defendant's knowledge of the conspiracy, and (3) the defendant's voluntary participation in the conspiracy." United States v. Strickland, 245 F.3d 368, 384-85 (4th Cir. 2001). The underlying drug law at issue, 21 U.S.C. § 841(a)(1), makes it unlawful to "possess with intent to manufacture, distribute, or dispense a controlled substance."

We conclude that there was sufficient evidence to support the conviction. The record shows that Lampkin bought

5

heroin from a dealer, that he used coded language and vague conversation to arrange for drug transactions, that he attempted to arrange for at least one other to purchase drugs and that he knew that others were involved and that such conduct was illegal.

Lampkin also takes issue with the jury instruction. He claims that the district court erred by denying his request for a buyer-seller instruction. "The decision to give or not to give a jury instruction is reviewed for an abuse of discretion." United States v. Hurwitz, 459 F.3d 463, 474 (4th Cir. 2006) (internal quotation marks omitted). Furthermore, we "review a jury instruction to determine whether, taken as a whole, the instruction fairly states the controlling law." Id. (internal quotation marks omitted). We conclude that there was no error because there was evidence that the relationship between Lampkin and his supplier went beyond a mere drug transaction. United States v. Mills, 995 F.2d 480, 485 (4th Cir. 1993).

Regarding the jury instruction, Lampkin argues that the district court did not instruct the jury that in order to find him guilty, it must be found beyond a reasonable doubt that he had knowledge of the conspiracy's existence. Lampkin did not object and review is for plain error. United States v. Robinson, 627 F.3d 941, 953-54 (4th Cir. 2010) (to preserve issue, defendant must object prior to jury deliberations).

6

We have reviewed the jury instructions in their entirety and conclude that the district court sufficiently instructed the jury that it had to find beyond a reasonable doubt that Lampkin participated in the conspiracy with knowledge of its unlawful purpose and of at least some of its objectives. Thus, there was no plain error.

Lampkin raises two issues regarding sentencing. He contends that the district court erred concluding that it was reasonably foreseeable to him that the conspiracy involved at least 100 grams of heroin but less than 400 grams. He also claims that the court erred increasing his offense level by one under USSG § 2D1.2 because part of the conspiracy occurred within 1000 feet of a school.

"[T]he government must prove the drug quantity attributable to a particular defendant by a preponderance of the evidence." United States v. Bell, 667 F.3d 431, 441 (4th Cir. 2011). In terms specific to a § 846 conspiracy conviction, the drug quantity attributable to a defendant is the quantity involved in the conspiracy that was reasonably foreseeable to the defendant. See USSG § 1B1.3(a)(1); United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999). We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error. United States v. Crawford, 734 F.3d 339, 342 (4th Cir.

7

2013), cert. denied, __ U.S. __, 2014 WL 414225 (2014); see also United States v. Perez, 609 F.3d 609, 612 (4th Cir. 2010). Under this standard, we will reverse the district court's finding only if we are "left with the definite and firm conviction that a mistake has been committed." Crawford, 734 F.3d at 342 (internal quotation marks and citation omitted).

We conclude that the Government showed by a preponderance of the evidence that it was reasonably foreseeable to Lampkin that the conspiracy involved 100 grams or more of heroin.

Under USSG § 2D1.2(a)(2), if a person is convicted of 21 U.S.C. § 860, one level is added to the base offense level determined under USSG § 2D1.1. The guideline "applies only in a case in which the defendant is *convicted* of a statutory violation of drug trafficking in a protected location . . ." Id., (cmt. n.1). We note that the district court did not instruct the jury on the elements of § 860. Section 860 requires enhanced penalties for anyone who violates 21 U.S.C. § 841 and possesses with intent to distribute narcotics within 1000 feet of a school. The defendant is subjected to twice the maximum sentence authorized by § 841(b) and twice any term of supervised release. The statute also authorizes a minimum sentence of one year unless a greater minimum sentence is authorized by § 841(b). However, the one level enhancement does

8

not apply if the jury was never asked to find whether beyond a reasonable doubt, part of the conspiracy occurred within 1000 feet of a school. See United States v. Martinez, 430 F.3d 317, 340-41 (6th Cir. 2005). Section 860 is a distinct offense that needs to be submitted to a jury. See United States v. Parker, 30 F.3d 542, 553 (4th Cir. 1994); United States v. Osborne, 673 F.3d 508, 511-13 (6th Cir.) (collecting cases), cert. denied, 133 S. Ct. 205 (2012). There is no indication that Lampkin objected to the court's failure to instruct the jury on the elements of § 860. Thus, review is for plain error. See United States v. Robinson, 627 F.3d 941, 953-54 (4th Cir. 2010).

Even if there was error, we find that Lampkin's substantial rights were not affected because at resentencing he received the statutory minimum five year sentence, which was below the Guidelines and the agreed upon minimum statutory sentence.

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

9