NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0218n.06

No. 16-5494

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Apr 12, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JERRY WAYNE ALEXANDER, JR., | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: MERRITT, GILMAN, and DONALD, Circuit Judges.

PER CURIAM. Jerry Wayne Alexander, Jr., appeals his judgment of conviction and sentence. As set forth below, we affirm.

After a four-day trial, a jury convicted Alexander of conspiracy to distribute less than 28 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. At sentencing, the district court classified Alexander as a career offender based on his prior convictions and calculated the career offender range as 262 to 327 months of imprisonment. The district court granted a downward variance from that range and sentenced Alexander to 200 months of imprisonment. This timely appeal followed.

Alexander first contends that the district court improperly relied on state-court judgments to establish his predicate offenses for career-offender status, rendering his sentence procedurally and substantively unreasonable. We review de novo the district court's determination that a

prior conviction qualifies as a predicate offense under the career-offender guideline. *United States v. Baker*, 559 F.3d 443, 450 (6th Cir. 2009).

Pursuant to USSG § 4B1.1(a), a defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense is either a crime of violence or a controlled-substance offense, and (3) "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Alexander's presentence report identified the following Tennessee convictions as predicate offenses for his career-offender status: (1) his 1998 convictions for attempted second-degree murder and aggravated assault, (2) his 2007 drug conviction, and (3) his 2007 aggravated-assault convictions.

Alexander argues that, under *Shepard v. United States*, 544 U.S. 13 (2005), the state-court judgments presented by the government were insufficient to establish his predicate offenses for application of the career-offender guideline. In *Shepard*, the Supreme Court held that, under the modified categorical approach for statutes with multiple alternative elements, the sentencing court may look to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information," *id.* at 26, "to determine what crime, with what elements, a defendant was convicted of," *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).

Contrary to Alexander's argument, we have held that "state-court judgments are valid *Shepard* documents." *United States v. Moore*, 578 F. App'x 550, 554 (6th Cir. 2014); *see United States v. Cooper*, 739 F.3d 873, 881 (6th Cir. 2014). The judgments for Alexander's aggravated-assault convictions show that he was convicted of Class C felonies. This court has held that Tennessee Class C aggravated assaults are crimes of violence under the career-offender

guideline. *See Cooper*, 739 F.3d at 881-83. The original and revocation judgments for Alexander's drug conviction together show that he was convicted of possession of less than .5 grams of cocaine for resale, a Class C felony, in violation of Tennessee Code Annotated § 39-17-417, which is a controlled-substance offense under the career-offender guideline. *See United States v. Douglas*, 563 F. App'x 371, 378 (6th Cir. 2014) ("Section 39-17-417 is a categorical controlled substance offense."). Alexander makes no argument about his attempted second-degree murder conviction. The district court therefore properly classified Alexander as a career offender based on his prior convictions as evidenced by the state-court judgments.

Alexander next argues that the district court erred in relying on his statement to police to determine the drug quantity attributable to him, asserting that his statement described activities unrelated to the charged conspiracy. As Alexander concedes, this issue is relevant to the guidelines calculation only if this court "set[s] aside the application of the [c]areer offender guideline." Because the district court properly applied the career-offender guideline to calculate Alexander's sentencing range, we need not address his argument about the drug quantity.

Finally, Alexander contends that the district court abused its discretion in admitting evidence about two controlled buys of crack cocaine. We review the district court's evidentiary ruling for abuse of discretion. *United States v. Morales*, 687 F.3d 697, 701-02 (6th Cir. 2012). "A court abuses its discretion when it 'relies on clearly erroneous findings of fact, improperly applies the law, or employs an erroneous legal standard,' or when we are 'firmly convinced' that the trial court 'committed a clear error of judgment.'" *United States v. Kilpatrick*, 798 F.3d 365, 378 (6th Cir. 2015) (quoting *United States v. Miner*, 774 F.3d 336, 348 (6th Cir. 2014)).

At trial, an officer with the Red Bank Police Department testified that a confidential informant made two controlled purchases of crack cocaine at 538 Gadd Road, Alexander's residence, obtaining field weights of .8 grams on October 10, 2013, and .7 grams on October 11,

2013. Alexander argues that there was no evidence connecting these controlled purchases to him or to the charged conspiracy because the officer could not testify that Alexander sold the crack cocaine to the confidential informant. But in a recorded telephone call introduced by the government, Alexander attempted to figure out the identity of the confidential informant, stating that "there was somebody that he sold eight and seven to." The jury could reasonably infer that Alexander was referencing the two controlled purchases involving .8 and .7 grams. The district court therefore did not abuse its discretion in allowing the evidence of these controlled purchases.

For these reasons, we **AFFIRM** the district court's judgment.