**NOT RECOMMENDED FOR PUBLICATION**
File Name: 18a0216n.06

**No. 17-5636**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Apr 26, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| TERRY FARRIS, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**BEFORE: DAUGHTREY, GIBBONS, and WHITE, Circuit Judges.**

**JULIA SMITH GIBBONS, Circuit Judge.** A jury convicted Terry Farris on seven counts relating to his involvement in a series of five robberies in Memphis, Tennessee, in January 2016. He timely appeals, raising three challenges: (1) that the government failed to present sufficient evidence regarding his use of a firearm during the robberies; (2) that the district court erred in excluding the Department of Justice (DOJ) reports he proffered, and (3) that the district court erred in refusing to hold attorney-conducted voir dire. Because there was sufficient evidence and the district court did not commit reversible error, we affirm.

I.

In January 2016, Farris committed a series of armed robberies in Memphis, Tennessee. Together with Eugene Cox and Squantavia Patterson, Farris first robbed a Shoney's restaurant and then a Circle K convenience store on January 13 and 14. That second day, Farris, on his

own, also robbed a Krystal's restaurant and a Family Dollar store. Then two days later, Farris robbed a Church's Chicken restaurant.

Farris, Cox, and Patterson were all indicted on August 25, 2016. Counts 1 and 2 charged all three defendants with aiding and abetting the Shoney's and Circle K robberies, respectively, in violation of 18 U.S.C. §§ 2 and 1951. Counts 7, 8, and 10 charged Farris with the Krystal's, Family Dollar, and Church's Chicken robberies under 18 U.S.C. § 1951. Counts 3 and 9 charged Farris with using, carrying, and brandishing a firearm during and in relation to the Circle K and Family Dollar robberies in violation of 18 U.S.C. § 924(c).

Cox and Patterson both pled guilty, and Farris proceeded to trial alone. On January 31, 2017, Farris filed a motion for attorney-conducted voir dir which the district court denied. At trial, five witnesses testified that they identified Farris as the perpetrator in a photographic line up. Additionally, co-defendant Patterson testified that the firearm used during the Shoney's and Circle K robberies, a black 9mm handgun, belonged to him and that Farris had carried the gun in the Shoney's robbery. Corroborating this testimony, the manager at the Shoney's restaurant testified that during the robbery, Farris gestured in a way that indicated that he possessed a gun. Testimony also revealed that the 9mm handgun was involved in the Circle K robbery where Farris acted as the lookout. The cashier at the Circle K convenience store testified that Cox pointed a gun at him during the robbery. Similarly, testimony from employees at the robbed Family Dollar, Krystal's, and Church's Chicken locations, all indicated that Farris had shown them the gun during each respective robbery. Patterson corroborated this testimony by testifying that after their joint robberies, Farris took the gun with him.

For his defense, Farris sought to introduce two reports from the United States Department of Justice concerning eyewitness identification. But the district court excluded both, concluding that even if the documents met the hearsay exception under Rule 803(8), their prejudicial effect substantially outweighed their probative value.

The jury convicted Farris on all seven applicable counts and the district court imposed a sentence of 484 months' imprisonment and a special assessment of $700.

## II.

## A.

Farris first challenges the sufficiency of the evidence for his firearm convictions. The standard of review for a claim of insufficient evidence is "whether, taking the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Haun*, 90 F.3d 1096, 1100 (6th Cir. 1996).

Farris argues that the government failed to present sufficient evidence showing that the referenced 9mm qualified as a "firearm" under 18 U.S.C. § 921(a)(3)(A) because the gun was neither admitted into evidence nor examined by an ATF expert. Although § 924(c) requires that the gun used be real, this circuit has held that "lay opinion testimony can be sufficient" proof. *United States v. Willis*, 232 F. App'x 527, 537 (6th Cir. 2007) (quoting *United States v. Roberson*, 459 F.3d 39, 47 (1st Cir. 2006)). *See also United States v. Crowe*, 291 F.3d 884, 887 (6th Cir. 2002) ("[T]he mere possibility that the object seen by witnesses may have been a sophisticated toy or other facsimile does not necessarily create a reasonable doubt, nor is the government required to disprove that theoretical possibility") (quoting *United States v. Jones*, 16 F.3d 487, 491 (2d Cir. 1994)). In fact, in *Willis*, this circuit affirmed a conviction under

§ 924(c) based solely on a store employee's testimony that the defendant brandished a firearm during the robberies; the government did not introduce the firearm into evidence nor offer any photographic or video evidence. *Id.* Here also, there was sufficient evidence based on witness testimony for a rational juror to determine that the 9mm was a firearm. An employee at Family Dollar testified that he was familiar with guns and that Farris brandished a firearm during the robbery. Patterson also testified that the firearm used during the Shoney's and Circle K robberies was functional and belonged to him and that Farris took that same firearm from him after the Circle K robbery. Furthermore, there is even stronger evidence in this case than that presented in *Willis* because here, there was also video evidence showing the firearm used during the Circle K and Family Dollar robberies. Accordingly, this evidence is more than sufficient for a reasonable juror to find that the 9mm used by Farris was a real firearm.

B.

Farris next contests the district court's decision to exclude his proffered DOJ reports. Evidentiary rulings are reviewed for abuse of discretion. *Doe v. Sullivan County, Tenn.*, 956 F.2d 545, 559 (6th Cir. 1992). "A court will find an abuse of discretion where it has a 'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" *Huey v. Stine*, 230 F.3d 226, 228 (6th Cir. 2000) (quoting *Balani v. INS*, 669 F.2d 1157, 1160 (6th Cir. 1982)) overruled on other grounds by *Muhammad v. Close*, 540 U.S. 749, 754–55 (2004). Furthermore, "reversal is appropriate only if the abuse of discretion was not harmless error, that is, only if the erroneous evidentiary ruling affected the outcome of the trial." *United States v. Morales*, 687 F.3d 697, 702 (6th Cir. 2012) (quoting *United States v. Marrero*, 651 F.3d 453, 471 (6th Cir. 2011)).

Farris challenges the district court's decision to exclude the DOJ reports, which discuss the potential unreliability of eyewitness identifications and effective techniques for preparing a witness to make an identification. Farris argues that he should have been allowed to introduce these reports to show that the government did not follow all the suggested techniques when obtaining identifications against him.

However, both reports also state that an identification not done in accordance with their suggestions does not imply that the identification is unreliable or inadmissible in court and that the reports are the consensus of the authors and not the official position of the DOJ. Given these disclaimers, the probative value of the reports on whether the identifications of Farris were reliable is low. In contrast, because Farris intended to "read into the record certain portions of the document for purposes of the record" without any further foundation, (DE 136, Trial Tr., Page ID 807.), the district court was legitimately concerned that "without a witness to explain what [the reports] mean, to put them in the context of the work that's [been] done on these issues," the reports might confuse the jury. (DE 136, Trial Tr., Page ID 816). On balance, the district court did not abuse its discretion when it excluded the documents. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury. . . .").

Furthermore, even if the reports should have been admitted, the error would have been harmless. The government presented a plethora of evidence against Farris beyond witness identifications: both co-defendants, Patterson and Cox, testified against Farris, Farris's prints were lifted from the checkout counter at the Family Dollar store, and surveillance footage showed Farris's robberies at both the Circle K and Family Dollar stores. Additionally, Farris

challenged the procedures through which law enforcement officers obtained the identifications during cross-examination of the witnesses, giving the jury adequate opportunity to assess the reliability of the identifications. Given all the evidence against Farris and his ability to challenge the identification procedures used, the exclusion of the reports did not affect the verdict and, thus, any error was harmless. *See United States v. Smith*, 736 F.2d 1103, 1107–08 (6th Cir. 1984) (finding exclusion of proffered expert's testimony harmless where the government presented evidence of the defendant's palm print at the bank and three eyewitnesses who identified defendant as bank robber).

## C.

Lastly, Farris's voir dire argument is also without merit. A district court's conduct of the voir dire is reviewed under the abuse of discretion standard. *United States v. Middleton*, 246 F.3d 825, 834 (6th Cir. 2001). "Only in the absence of a fair trial is reversal warranted." *Id.* at 835. However, because Farris did not raise his objection in the district court, Farris concedes that the standard of review is plain error. *United States v. Vonner*, 516 F.3d 382 (6th Cir. 2008). "To establish plain error, a defendant must show (1) that an error occurred in the district court; (2) that the error was plain, i.e., obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings." *United States v. Abboud*, 438 F.3d 554, 583 (6th Cir. 2006) (internal quotation marks and citation omitted). Here, Farris does not raise any specific challenges to the way that the district court conducted voir dire. Instead, his only objection is that his motion for attorney-conducted voir dire was rejected without any explanation. However, a district court judge is not required to provide any explanation or allow attorneys to conduct voir dire. Under Federal Rules of Criminal Procedure Rule 24, the district

court judge has discretion to examine prospective jurors herself, and she is required only to ask questions suggested by the attorneys when she believes they are proper. *See* Fed. R. Crim. P. 24. In fact, the majority of judges choose to conduct voir dire themselves, *see* 9 Moore's Federal Practice § 47.10[3][e][i] (3d ed. 2006), and "[f]ederal trial judges have broad discretion in determining what questions to ask during voir dire," *United States v. Aloi*, 9 F.3d 438, 441 (6th Cir. 1993).

At voir dire, Farris requested that the district court ask questions regarding the jurors understanding of the presumption of innocence and proof beyond a reasonable doubt. The district court declined to ask these specific questions, stating that these concepts would be further explained in the jury instructions. But the district court did tell the prospective jurors that the reasonable doubt standard is higher than the burden of proof required in a civil case and that a defendant is presumed innocent unless the government proves him to be guilty. Additionally, it asked: "[I]f I were to ask you right now to vote on whether the defendant is guilty or not guilty, how would you vote?" to which the jury panel responded, "Not guilty." (DE 140, Corrected Trial Tr., Page ID 1303.) Because there is no showing that the district court improperly conducted voir dire or that Farris is entitled to attorney-conducted voir dire, we find that the district court did not commit reversible error in denying Farris's motion.

III.

Accordingly, we affirm the convictions.